UNITED STATES OF AMERICA,
*Plaintiff*,

v.

CRIM. NO. 16-792 (FAB)

JUAN LUIS OJEDA-NEGRÓN,
*Defendant*.

## PLEA AND FORFEITURE AGREEMENT
## IN ACCORDANCE WITH RULE 11(c)(1)(A) & (B)

**TO THE HONORABLE COURT:**

The United States of America, by and through the undersigned attorneys, the defendant, **JUAN LUIS OJEDA-NEGRÓN,** and the defendant's attorney, Melanie Carrillo-Jimenez, very respectfully state to this Honorable Court that they have reached an agreement (the Agreement"), the terms and conditions of which are as follows:

1. **COUNT TO WHICH DEFENDANT PLEADS GUILTY:**

The defendant, **JUAN LUIS OJEDA-NEGRÓN**, agrees to plead guilty to **COUNT ONE** (Sex Trafficking of Children) of the Indictment and admit the **FORFEITURE ALLEGATION** pending against him. More specifically, **COUNT ONE** of the Indictment charges as follows:



### COUNT ONE
### Sex Trafficking of Children
(Title 18, *United States Code*, Sections 1591(a)(1) and (b)(2)

In or about April 30, 2015, in the District of Puerto Rico, and elsewhere within the jurisdiction of this Court,
**JUAN LUIS OJEDA-NEGRÓN,**
the defendant herein, in and affecting interstate and foreign commerce, did knowingly recruit, entice, harbor, transport, provide, obtain, and maintain by any means, a 14-year-old male minor, identified as JCA, and did benefit, financially and by receiving anything of value, from a participation in a venture engaged in such

acts, knowing, and in reckless disregard of the fact, JCA had not attained the age of 18 years and would be caused to engage in a commercial sex act. All in violation of Title 18, *United States Code*, Sections 1591(a) and (b)(2).

## FORFEITURE ALLEGATION
### (Title 18, United States Code, Sections 1594(d) and (e))

For the purpose of alleging forfeiture, and pursuant to Title 18, *United States Code*, Sections 1594(d) and (e), the allegations of **COUNT ONE** are re-alleged as if fully set forth herein.

If convicted of the offense set forth above, **JUAN LUIS OJEDA-NEGRÓN**, the defendant herein, shall forfeit to the United States:
   a) such person's interest in any property, real or personal, that was involved in, used, or intended to be used to commit or to facilitate the commission of such violation, and any property traceable to such property; and
   b) any property, real or personal, constituting or derived from, any proceeds that such person obtained, directly or indirectly, as a result of such violation, or any property traceable to such property.

Such property includes, but is not limited, to:

| # | Description |
|---|---|
| 1 | HTC Cellular Phone, Model: OPM3100, IMEI: 990005705878206, S/N: FA5BNSX0037, made in Taiwan. |
| 2 | Samsung Cellular Phone, Model: SM-G 360R6, made in China |
| 3 | Kyocera Cellular Phone, Model: Rio E3100, MEID(D): 268435459900799952, made in Malaysia |
| 4 | UMX Cellular Phone, Model: MXW1, IMEI: 355294084338904, S/N: S1006323035170, made in China |
| 5 | HUAWEI Cellular Phone, Model: U8665, IMEI: 863496013759416, S/N: L6X7NB1291107290, made in China |
| 6 | LG Cellular Phone, Model: LGL75C, S/N: 301KPSL0275574, made in Korea |

All in violation of Title 18, *United States Code*, Sections 1594(d) and (e).

2. **MAXIMUM PENALTIES**

The maximum penalty for the offense charged in **COUNT ONE** of the Indictment (Sex Trafficking of Children) is a term of not less than **ten (10) years** of incarceration or up to life, *see,*

2

Title 18, *United States Code*, Sections 1591(a)(1) and (b)(2), a fine of not more than Two Hundred Fifty Thousand Dollars ($250,000.00), *see*, Title 18, *United States Code*, Section 3571(b)(3), and a term of supervised release of not **LESS** than **five (5) years, or life,** in addition to any term of incarceration. *See*, Title 18, *United States Code*, Sections and 3583(k).

3.  **SPECIAL MONETARY ASSESSMENT**

At the time of sentencing, the defendant will pay a special monetary assessment of one hundred dollars ($100.00) for each count in the Indictment for which he is pleading guilty, as required by Title 18, *United States Code*, Section 3013(a).

4.  **FINES AND/OR RESTITUTION**

The Court may, pursuant to Section 5E1.2(I) of the <u>Sentencing Guidelines, Policy Statements, Application, and Background Notes</u>, order the defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment and/or supervised release ordered and also the Court may impose restitution. The defendant agrees to execute a financial statement to the United States (OBD Form 500). The United States will make no recommendation as to the imposition of fines. The parties understand that restitution may be required in this case and any such calculation will be made by the U.S. Probation Office based on an analysis of any known victims in the defendant's collection of images.

5.  **DOMESTIC TRAFFICKING VICTIMS' FUND SPECIAL ASSESSMENT**

Pursuant to the "Justice for Victims Trafficking Act of 2015," Title 18, *United States Code*, Section 3014, the Court shall access an amount of Five Thousand Dollars ($5,000.00) **per relevant count of conviction**, for a total of $5,000 in this case, on any non-indigent person or entity convicted of an offense under: a) chapter 77 (relating to peonage, slavery, and trafficking in persons); b) chapter 109A (relating to sexual abuse); c) chapter 110 (relating to sexual exploitation

and other abuse of children); d) chapter 117 (relating to transportation for illegal sexual activity and related crimes; or, e) section 274 of the "Immigration and Nationality Act" (8 U.S.C. §1324) (relating to human smuggling) unless the person induced, assisted, abetted, or aided only an individual who at the time of such action was the alien's spouse, parent, son, or daughter (and no other individual) to enter the United States in violation of law.

6. **RULE 11(c)(1)(B) WARNINGS**

The defendant is aware that the defendant's sentence is within the sound discretion of the sentencing judge, but the same may be imposed following the <u>United States Sentencing Guidelines, Policy Statements, Application, and Background Notes</u> as advisory to the imposition of sentence. The defendant is aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty. If the Court should impose a sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement.

7. **ADVISORY NATURE OF THE SENTENCING GUIDELINES**

The defendant is aware that pursuant to the United States Supreme Court decisions in *United States v. Booker* and *United States v. Fanfan*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed.2d 621 (2005), the Sentencing Guidelines are no longer mandatory and must be considered effectively advisory.

8. **SENTENCING GUIDELINE CALCULATIONS**

The United States and the defendant agree that the following Sentencing Guidelines calculations apply to the defendant's conduct with regard to **COUNT ONE** of the Indictment:

| | Sentencing Guidelines Calculations Table<br>**COUNT ONE:** Sex Trafficking of Children<br>(Title 18, *United States Code*, Section 1591(a)(1) and (b)(2) | |
|---|---|---|
| **Base Offense Level §2G1.3 (a)(1)** | (2) 30, if the defendant was convicted under 18 U.S.C. § 1591(b)(2); | 30 |
| §2G1.3 (b)(4)(A) | (4) If (A) the offense involved the commission of a sex act or sexual contact; | +2 |
| Cross Reference §2G1.3 (c)(1) | (1) If the offense involved causing, …a minor to engage in sexually explicit conduct <u>for the purpose of producing a visual depiction</u> of such conduct, apply §2G2.1 | |
| **Base Offense Level §2G2.1 (a)** | | 32 |
| §2G2.1 (b)(1)(B) | The offense involved a minor who had: (B) attained the age of twelve years but not attained the age of sixteen years, increase by 2 levels. | +2 |
| §2G2.1 (b)(2)(A) | The commission of a sexual act or sexual contact, increase by 2 levels; | +2 |
| Acceptance | Acceptance of Responsibility, U.S.S.G. § 3E1.1(a) and (b) | -3 |
| | | |
| **Sentencing Ranges Count ONE** | TOL 33 ~~30~~ | CHC I ~~135-168~~ ~~151-188~~ | CHC II ~~151-188~~ ~~168-210~~ | CHC III ~~168-210~~ ~~188-235~~ | CHC IV ~~188-235~~ ~~210-262~~ | CHC V ~~210-262~~ ~~235-293~~ | CHC VI ~~235-293~~ ~~262-327~~ | Total Offense Level | 33 ~~30~~ |

*J.L.O.N.*

## 9. SPECIFIC SENTENCE RECOMMENDATION

After due considerations of the relevant factors enumerated in Title 18, *United States Code*, Section 3553(a), the parties agree to jointly recommend a sentence equal to the statutory minimum term of incarceration of ten (10) years' incarceration as to **COUNT ONE**.

## 10. NO FURTHER ADJUSTMENTS OR DEPARTURES

The United States and the defendant agree that no further adjustments or departures to the defendant's total offense level shall be sought by the parties. Moreover, the defendant agrees that he will not seek a sentence more lenient than the one detailed in the previous paragraph under any

5

of the factors contained in Title 18, *United States Code*, Section 3553, as that the same is a reasonable sentence.

**11. NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY**

The parties do not stipulate any assessment as to the defendant's Criminal History Category.

**12. DISMISSAL OF REMAINING COUNTS**

At sentencing, the United States agrees to dismiss **COUNT TWO**.

**13. SATISFACTION WITH COUNSEL**

The defendant represents to the Court that he is satisfied with his legal counsel Melanie Carrillo-Jimenez, and further indicates that Mrs. Carrillo has rendered effective legal assistance.

**14. RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA**

Defendant understands that by entering into this Agreement, he surrenders certain rights as provided herein. Defendant understands that the rights of criminal defendants include the following:



    a. If the defendant had persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States and the judge agree.

    b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. The defendant and defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent; that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the defendant's guilt beyond a reasonable doubt.

d. At trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence in defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.

e. At trial, the defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from his refusal to testify. If the defendant desired to do so, the defendant could testify in his own behalf.

## 15. STATEMENT OF FACTS

The accompanying Statement of Facts signed by the defendant is hereby incorporated into this Plea Agreement. The defendant adopts the Statement of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

## 16. LIMITATIONS OF PLEA AGREEMENT

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and the defendant. It does not bind any other federal district, state or local authorities. Furthermore, the defendant is fully aware that the Court is not bound by this Plea Agreement, nor is it bound by the advisory sentencing guidelines calculations, any stipulations, or any sentence recommendations.

## 17. ENTIRETY OF PLEA AGREEMENT

This written Agreement constitutes the complete Plea Agreement between the United States, the defendant, and the defendant's counsel. The United States has made no promises or

representations except those set forth in writing in this Plea Agreement. The United States further denies the existence of any other terms or conditions not stated herein.

### 18. AMENDMENTS TO PLEA AGREEMENT

No other promises, terms or conditions will be entered into unless they are in writing and signed by all the parties.

### 19. WAIVER OF APPEAL

The defendant hereby agrees that if this Honorable Court accepts this Plea Agreement and sentences the defendant according to its terms, conditions and recommendations, the defendant then waives and permanently surrenders his right to appeal the judgment and sentence in this case.

### 20. VOLUNTARINESS OF GUILTY PLEA

The defendant hereby acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is truly guilty.

### 21. IMPACT UPON CONVICTION

Defendant acknowledges that by pleading guilty and entering into this plea agreement, he will be required to register as a "Sex Offender" pursuant to the Sex Offender Registration and Notification Act ("SORNA" or "the Act"), which was enacted under Title I of the *Adam Walsh Child Protection and Safety Act of 2006* (P.L. 109-248), codified at Title 18, *United States Code*, Section 2250 and Title 42, *United States Code*, Section 16913. As a registered Sex Offender, defendant further understands that his status as a convicted sex offender, and related information,

will be made public. Defendant further acknowledges that he may or may not be required to register for life.

**ROSA EMILIA RODRIGUEZ-VELEZ**
UNITED STATES ATTORNEY

_____
**José Capó-Iriarte**
Assistant U.S. Attorney
Chief, Criminal Division
Dated: 2/13/17

_____
**Marshal D. Morgan**
Assistant U.S. Attorney
Chief, Crimes Against Children and
Human Trafficking Unit
Dated: 2/13/17

_____
**Cristina Caraballo-Colón**
Special Assistant United States Attorney
Crimes Against Children and
Human Trafficking Unit
Dated: Feb. 13, 2017

_____
**Juan Luis OJEDA-Negrón**
Defendant
Dated: 02/13/17

_____
**Melanie Carrillo-Jiménez**
Counsel for Defendant
Dated: 02/13/17

I have consulted with my counsel and fully understand all of my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes which may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the plea agreement it to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and I voluntarily agree to it.

Date: 02/17/17

JUAN LUIS OJEDA-NEGRÓN,
Defendant

I am the attorney for the defendant. I have fully explained to the defendant his rights with respect to the pending Indictment. Further, I have reviewed the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes, and I have fully explained to the defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part this Plea Agreement with the defendant. I have translated the plea agreement and explained it in the Spanish language to the defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, the defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all consequences of defendant's plea of guilty.

Date: 02/17/17

MELANIE CARRILLO-JIMENEZ,
Counsel for Defendant

# GOVERNMENT'S VERSION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America submits the following statement setting forth the United States' version of the facts leading to the defendant's acceptance of criminal responsibility.

The United States has provided full discovery to the defendant in accordance with Rule 16 of the Federal Rules of Criminal Procedure. In addition, all of the witnesses needed by the United States to prove the elements of the offenses charged in the Indictment remain ready and available to testify. Had this case gone to trial, the United States would have proven beyond a reasonable doubt all of the elements of the offenses charged in the Indictment, including the following specific facts:

On November 18, 2016, HSI Ponce Agents arrested two individuals named William Javier VEGA-Valentín and Carlos Manuel BORRERO-Vélez, both residents of the Aristides Chavier Public Housing Project (PHP). VEGA-Valentín was charged with Production of Child Pornography, while BORRERO-Vélez was charged, in a separate criminal complaint, with attempted production of child pornography and sexual enticement of a minor.

On the same date, HSI Agents executed federal search warrants for VEGA-Valentin's and BORRERO-Vélez's residences. As a result, HSI Ponce agents seized several electronic devices for digital forensic analysis.

During the digital forensic analysis, Agents discovered, in an external Western Digital hard drive that was seized from VEGA-Valentín's residence, sexually explicit videos produced in 2015 that depict Juan Luis OJEDA-Negrón with a male minor (JCA) who was 14 years old at the time. The videos were found in a folder titled "juan luis and [the name of the minor] (JCA").

One of those videos is titled "VID_20150430_091053463.mp4", it has duration of one minute and 30 seconds. The video depicts an adult male, identified as OJEDA-Negrón, bearing a tattoo of a tree and an owl on the left side of his back, performing oral sex on the minor JCA and VEGA-Valentín penetrating OJEDA-Negrón.

The second video is titled "VID_20150430_091347950.mp4", it has a duration of 57 seconds and depicts the male minor JCA penetrating the adult male, later identified as OJEDA-Negrón.

OJEDA was arrested and interviewed on December 2, 2016. After waiving his constitutional rights, OJEDA-Negrón told the agents that the reason why he engaged in the conduct contained in the videos was because VEGA was financially helping him. During the interview OJEDA told the agents that VEGA was recording the sexual acts.

11

The Western Digital hard drive, where the videos were found, was manufactured in Thailand, hence, it travelled in interstate and foreign commerce.

Had this matter gone to trial, the United Stated would have would have proven beyond a reasonable doubt that OJEDA-Negrón is guilty of Sex Trafficking of Minors as charged in Count ONE of the Indictment through the presentation of witness testimonies, physical and documentary evidence, and the actual videos containing sexually explicit images produced with the minor.

_____
**Cristina Caraballo-Colón**
Special Assistant United States Attorney
Dated: _____

_____
**Juan Luis OJEDA-Negrón**
Defendant
Dated: 02/17/07

_____
**Melanie Carrillo-Jiménez,**
Counsels for Defendant
Dated: 02/17/17